852 F.2d 566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
KANAWHA VALLEY BANK, N.A., a national banking association,
Plaintiff-Appellee,
v.
Jeffrey E. MILLER, Defendant-Appellant,
and
Larry Huffman, Jr.; Timothy P. Kenny; William H. Martin, Defendants.
 No. 88-2021.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 10, 1988.
Decided: July 19, 1988.
 
 George Carlton Rogers (Rogers & Godbey Co., LPA, on brief), for appellant.
 Merrell Stratton McIlwain, II (Charles D. Dunbar, Jackson & Kelly, on brief), for appellee.
 Before WIDENER, SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jeffrey E. Miller appeals the summary judgment entered against him by the district court in favor of One Valley Bank, National Association (previously Kanawha Valley Bank, N.A.) (the Bank), in the Bank's action against Miller to collect on a note. Miller contends the court erred in not dismissing the Bank's action because of untimely service of process and that laches precluded the grant of summary judgment. We affirm.
 
 
 2
 In 1976, Miller and five others endorsed a demand note made by a coal mining company to the Kanawha Valley Bank in the amount of $67,500. The company made payments for a time, but by 1979 was in default. Shortly after that, the Bank notified Miller of the default. Apparently, further efforts to collect from the endorsers were unsuccessful, and the Bank brought suit against Miller on October 4, 1984. There was no successful service on any defendant. Miller's return indicated that his forwarding address had expired. On February 22, 1985, the Clerk notified the Bank of the failure to serve the Complaint within 120 days of filing as required by Fed.R.Civ.P. 4(j). The district court, on March 8, 1985, granted the Bank's motion for an extension of time to obtain service. In the meantime, a process server served Miller on March 2, 1985, as reflected in a return filed on March 22.
 
 
 3
 On appeal, Miller contends that the district court abused its discretion in denying his motion to dismiss the Bank's complaint under the rule, which provides in part:
 
 
 4
 If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant...."
 
 
 5
 Fed.R.Civ.P. 4(j) (emphasis added).
 
 
 6
 Miller concedes that he moved from the address provided the Bank and that he never notified it of his changes in address. The Bank simply did not know where to serve him until it employed a process server to locate him.
 
 
 7
 Miller contends that laches barred the Bank's suit and that, since the Bank could have employed a process server at an earlier date, the Bank's lack of knowledge of his whereabouts and his failure to notify it of the changes of address were not just cause for denying his 4(j) motion to dismiss. We disagree and affirm.
 
 
 8
 AFFIRMED.